

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | | |
|---|---|---|
| QUIN ADAM RICKEL, and AMY ELIZABETH RICKEL, § § | | |
| Plaintiffs, § § § | | |
| vs. § | CIVIL ACTION NO. 0:25-1185-MGL | |
| § § § | | |
| DEPT. USAF, *et al*; SECRETARY OF THE USAF; SECRETARY OF DEFENSE; USAF PDBR; and SECRETARY THE VA, § § § | | |
| Defendants. § | | |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION, DISMISSING THE AMENDED COMPLAINT WITHOUT PREJUDICE AND WITHOUT ISSUANCE AND SERVICE OF PROCESS, AND DENYING PLAINTIFFS' MOTIONS

Plaintiffs Quin Adam Rickel and Amy Elizabeth Rickel (collectively, the Rickels), who are representing themselves, filed this lawsuit against Defendants Dept. USAF, et al; Secretary of the USAF; Secretary of Defense; USAF PDBR; and Secretary of the VA.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court the Rickels's amended complaint be dismissed without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court.

*Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on April 29, 2025, and the Rickels filed their objections on May 9, 2025.  The Court has carefully considered the Rickels's objections, but holds them to be wholly without merit.  It will therefore enter judgment accordingly.

The Magistrate Judge suggests the Court dismiss the Rickel's amended complaint because the Court "lacks subject matter jurisdiction over [the Rickel's] claims."  Report at 3.  And, in the Rickels objections, they have failed to convince the Court otherwise.  Therefore, the Court will overrule their objections.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules the Rickels's objections, adopts the Report, and incorporates it herein.  It is therefore the judgment of the Court the Rickels's amended complaint is **DISMISSED WITHOUT PREJUDICE** and without issuance and service of process.

After the Magistrate Judge filed the Report, the Rickels filed four motions to amend their amended complaint.  They seek to, among other things, add a federal cause of action claim under the Americans with Disabilities Act.

But, a party is unable to "obtain leave of court to amend a complaint to allege a federal cause of action not previously pled when the court had no jurisdiction over the original complaint. Such a proposition makes sense, considering . . . a court without subject matter jurisdiction lacks authority to grant a party's amendment motion." *Saxon Fibers, LLC. v. Wood*, 118 Fed. Appx. 750, 752, 2005 WL 17439, at *1 (4th Cir. 2005) (footnote omitted).  Or, stated a bit differently, "never having had power

to act in the matter, the court never ha[s] authority to permit an amendment to the complaint." *Whitmire v. Victus Ltd.*, 212 F.3d 885, 888 (5th Cir. 2000).

In addition, it appears any amendments would be futile. *See Laber* v. Harvey, 438 F.3d 404, 426 (4th Cir.2006) (en banc) (holding leave to amend a complaint should be denied when the amendment would be futile). Therefore the four motions to amend are **DENIED**.

The Rickels also filed a motion to request the Court to consider additional information, which consists of several email exchanges between the Rickels and an individual in United States Senator Lindsey Graham's office. The motion is **GRANTED**. But, although the Court has considered these eight pages of emails, its rulings in this matter remain the same.

**IT IS SO ORDERED**.

Signed this 8th day of October, 2025, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The Rickels are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.